UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| **ROBIN HARRIS,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**COMMUNITY ACTION** )<br>**PARTNERSHIP OF NORTH** )<br>**ALABAMA,** )<br>)<br>**Defendant.** ) | Case Number: 6:12-mc-3917-SLB |

**MEMORANDUM OPINION**

This case is currently before the court on plaintiff Robin Harris's Application Under 706(f) of Civil Rights Act of 1964, asking the court to appoint her an attorney and to grant her the authority to commence this case without prepayment of fees, costs, or security. (*See* doc. 1.)[1] For the reasons set forth herein, the court finds that Harris's Application is due to be granted in part and denied in part and that her claims are due to be dismissed.

**1. Motion to Appoint an Attorney**

"Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). Further, the United States Supreme Court has

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

held that an attorney may not be compelled to accept appointment in a civil action. *See Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296 (1989).

Based on Harris's Application, the court will deny her request for appointment of counsel on the ground that the legal and factual issues do not appear to be so novel or complex as to require the assistance of trained counsel.

**2. Motion to Proceed Without Prepayment of Fees, Costs, and Security**

Harris also asks the court to allow her to commence an action without prepayment of the fees, costs, or security because of her inability to pay such fees, costs, and/or security. In other words, she asks the court for permission to proceed *in forma pauperis* [hereinafter "IFP"].[2] This court "has wide discretion in denying an application to proceed IFP under 28 U.S.C. § 1915. This is especially true . . . in civil cases for damages, wherein the courts should grant the privilege sparingly." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004)(citing *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975)). However the court may not arbitrarily deny an application to proceed IFP or deny the application on erroneous legal grounds. *Id*. at 1306-07.

> When considering a motion filed pursuant to § 1915(a), the only determination to be made by the court is whether the statements in the affidavit satisfy the requirement of poverty. An affidavit addressing the statutory language should be accepted by the court, absent a serious misrepresentation, and need not show that the litigant is absolutely destitute to qualify for

---

[2]"*In forma pauperis*" is Latin for "in the manner of a pauper." BLACK'S LAW DICTIONARY 849 (9th ed. 2009).

> indigent status under § 1915. Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents. In other words, the statute is not to be construed such that potential litigants are forced to become public charges or abandon their claims because of the filing fee requirements.

*Id.* at 1307 (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 338-40 (1948); *Watson v. Ault*, 525 F.2d 886, 891 (11th Cir.1976))(internal quotations, citations, and footnotes omitted).

According to her Application, Harris is unemployed. (Doc. 1 at 1.) Her outstanding debts and obligations outweigh the value of her assets. (*See id*. at 2-3.) The court finds that Harris has demonstrated her economic eligibility for IFP status.

Therefore, her Application to proceed IFP will be granted.

### 3. Section 1915(e)(2)(B)

"Where the IFP affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question of whether the asserted claim is frivolous." *Martinez*, 364 F.3d at 1307. The statute authorizing this court to allow a plaintiff to proceed without prepayment of fees, costs, and security, 28 U.S.C. § 1915(a), also requires states:

> [T]he court shall dismiss the case at any time if the court determines that –
>
> . . .
>
> (B) the action or appeal –
>
> (i) is frivolous or malicious; [or]

(ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B).

"An issue is frivolous when it appears that 'the legal theories are indisputably meritless.'" *Ghee v. Retailers Nat. Bank*, 271 Fed. Appx. 858, 859 (11th Cir. 2008)(quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)).[3] "In other words, an IFP action is frivolous, and thus not brought in good faith, if it is without arguable merit either in law or fact. More specifically, arguable means capable of being ***convincingly*** argued." *Id*. at 859-60 (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) and *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991))(internal quotations and citations omitted; emphasis added).

"The language of section 1915(e)(2)(B)(ii)[, which allows the court to dismiss a complaint for failure to state a claim,] tracks the language of Federal Rule of Civil Procedure 12(b)(6), and [the court] will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)." *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Therefore, in determining whether the Complaint states a claim, the court accepts the allegations in the Complaint as true and construes those allegations in the light most favorable to plaintiff. *Ironworkers Local Union 68 v. AstraZeneca Pharmaceuticals, LP*, 634 F.3d 1352, 1359 (11th Cir. 2011)(quoting *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010)). "The complaint must contain sufficient factual matter . . . to

---

[3]Eleventh Circuit Rule 36-2 provides, in pertinent part, "An opinion shall be unpublished unless a majority of the panel decides to publish it. ***Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority***." 11th Cir. R. 36-2 (emphasis added).

4

state a claim to relief that is plausible on its face." *Id*. (quoting *Am. Dental Ass'n*, 605 F.3d at 1289 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)))(internal quotations omitted). A claim is "plausible" if the facts are sufficient "to allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Harris did not file a General Complaint Form. She filed only the Affidavit to which she attached her EEOC Charge and her Right-to-Sue Letter. (*See generally* doc. 1.) She appears to allege that Harris was discriminated against on the basis of her disability and in retaliation for complaining about discrimination against Hispanic clients and "harassment during her sickness." (*Id*. at 4-6.) She was terminated on April 21, 2011; she filed an EEOC Charge, alleging disability discrimination and retaliation culminating in her termination, 201 days later on November 8, 2011. (*Id*. at 12.)

Before filing suit in this court, a plaintiff alleging disability discrimination under the Americans with Disabilities Act ["ADA"] and/or retaliation in violation of Title VII and the ADA "must first file a charge of discrimination with the EEOC." *Abram v. Fulton Cty. Gov't*, 598 Fed. Appx. 672, 674 (11th Cir.)(citing 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a); *Wilkerson v. Grinnell Corp.,* 270 F.3d 1314, 1317 (11th Cir. 2001)), *cert. denied* 136 S. Ct. 149 (2015). "For an EEOC charge to be timely in a non-deferral state—such as [Alabama], the charge must be filed within 180 days of when the alleged violation occurred." *Id*. (citing 42 U.S.C. § 2000e-5(e)(1); *Wilkerson*, 270 F.3d at 1317).

5

Harris's Application shows that her ADA and Title VII claims are procedurally barred because she failed to timely file an EEOC Charge. Therefore, such claims will be dismissed. *See Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008)("A complaint is subject to dismissal for failure to state a claim 'when its allegations, on their face, show that an affirmative defense bars recovery on the claim.'" (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003))); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007)("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . .").

Viewing the Application in the light most favorable to Harris and liberally construing her allegations, the court finds that Harris may have intended to assert a claim under the Family and Medical Leave Act ["FMLA"]. Generally –

> The FMLA protects employees against interference with the exercise or attempted exercise of their substantive rights under the statute. 29 U.S.C. § 2615(a)(1). This prohibition has also been interpreted to provide protection against retaliation for exercising or attempting to exercise rights under the statute. *See* 29 C.F.R. § 825.220(c). To state a claim of interference, the employee must allege that he was entitled to a benefit under the FMLA and was denied that benefit. *Strickland v. Water Works and Sewer Bd. of Birmingham,* 239 F.3d 1199, 1206-07 (11th Cir. 2001). To state a claim for retaliation, an employee must allege sufficient facts to plausibly suggest that: "(1) he engaged in a statutorily protected activity; (2) he suffered an adverse employment decision; and (3) that the decision was causally related to the protected activity." *Id.* at 1207. To recover on either an interference or a retaliation claim under the FMLA, the employee must have been employed for at least twelve months by the employer and worked at least 1,250 hours during the previous twelve-month period. *See* 29 U.S.C. § 2611(2)(A). The FMLA only applies to private-sector employers with fifty or more employees. *Id.* §2611(4)(A).

*Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1247 (11th Cir. 2015)(footnote omitted).

The Application states that Harris was "denied reasonable [accommodation], FMLA." (Doc. 1 at 5.) "The FMLA leave provisions are 'wholly distinct' from the reasonable accommodation employers are obligated to provide under the Americans with Disabilities Act (ADA)." *Yoosun Han v. Emory Univ.*, 658 Fed. Appx. 543, 547 (11th Cir. 2016), *cert. denied* 137 S. Ct. 1118 (2017). Therefore, denial of a requested reasonable accommodation does not state a claim under the FMLA.

It appears that, maybe, Harris took FMLA leave or sick leave in September 2010 for pneumonia and was away from work for a month.[4] (Doc. 1 at 5-6.) While on sick leave, Harris got behind on her work, and, on February 8, 2011, she was given a verbal warning for being behind. (*Id*. at 6.) Six weeks later, on March 22, 2011, she was given a second warning for being behind, she was suspended for 2 and 1/2 days, and she was told she had 30 days to catch up. (*Id*.) Exactly 30 days later, she was terminated; defendant "told [her that she] was terminated because [her] work was behind." (*Id*.)

The Application does not allege facts from which it can be determined that Harris was an eligible employee or that her employer was covered by the Act. More importantly, the Application makes no reference to any specific FMLA benefit Harris was denied or any specific activity protected by the FMLA in which she engaged.[5] (*See generally* doc. 1.) She

---

[4]The Application does not state specifically that this time off with pneumonia was FMLA leave. (Doc. 1 at 5-6.)

[5]The FMLA defines "statutorily protected activity" as "(1) . . . fil[ing] any charge, or . . . institut[ing] or caus[ing] to be instituted any proceeding, under or related to [the FMLA];" " (2) . . . giv[ing] . . . any information in connection with any inquiry or proceeding

7

states that she had pneumonia in September 2010, but she does not state that she had any other serious health condition. She contends that she "was given 30 days to catch up on work," and that she "almost had it completed" at the time she was terminated – exactly 30 days later. (*Id*. at 6.) The court finds that, although Harris meets the financial indigence requirements, her Application fails to state a claim upon which relief may be granted. *See Davis v. Auburn Bank*, No. 3:15-CV-655-WKW-WC, 2016 WL 1605349, *6 (M.D. Ala. Mar. 30, 2016), *report and recommendation adopted* 2016 WL 1560404 (M.D. Ala. Apr. 18, 2016); *see also Surtain*, 789 F.3d at 1247-48; *Shanks v. Potter*, 451 Fed. Appx. 815, 818 (11th Cir. 2011); *Chapman v. U.S. Postal Serv.*, 442 Fed. Appx. 480, 483 (11th Cir. 2011)

When "a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citation omitted). Although a *pro se* litigant generally should be permitted to amend her complaint, a district court need not allow amendment when it would be futile. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Id.* The court finds leave to amend is futile.

---

relating to any right provided under [the FMLA];" and/or "(3) . . . testif[ying] in any inquiry or proceeding relating to any right provided under [the FMLA]." 29 U.S.C. § 2615(b).

Nothing in the Application hints that Harris was denied FMLA leave to which she was entitled or that she engaged in any statutorily protected activity. Therefore, her FMLA claims, to the extent asserted in her Application, will be dismissed.

## **CONCLUSION**

For the foregoing reasons, the court is of the opinion that Harris's Application fails to state a claim for relief. An Order denying her Application requesting the court to appoint an attorney, granting her Application to proceed IFP, and dismissing her claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 19th day of September, 2017.

SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE